**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3807-19

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

JUAN R. NIEVES,

     Defendant-Appellant.

_____

Submitted December 7, 2021 – Decided June 23, 2022

Before Judges Fisher and Smith.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 18-01-0125.

Joseph E. Krakora, Public Defender, attorney for appellant (Monique Moyse, Designated Counsel, on the brief).

Theodore N. Stephens II, Acting Essex County Prosecutor, attorney for respondent (Matthew E. Hanley, Special Deputy Attorney General/ Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

After pleading guilty to second degree possession of a handgun for an unlawful purpose, N.J.S.A. 2C:39-4(a), Juan Nieves (Nieves) was sentenced to a forty-two- month term of imprisonment, subject to forty-two months of parole ineligibility. Nieves petitioned for post-conviction relief (PCR) before the sentencing court, and the application was denied without an evidentiary hearing. Nieves appealed alleging that trial counsel rendered ineffective assistance of counsel by mistakenly telling him he would face thirty-six months in prison, not forty-two months, and by failing to communicate, meet, or review discovery with him, essentially forcing him to plead guilty. We affirm for the reasons set forth in this opinion.

Where a PCR court does not conduct an evidentiary hearing, we "conduct a de novo review of both the factual findings and legal conclusions of the PCR court." State v. Blake, 444 N.J. Super. 285, 294 (App. Div. 2016) (quoting State v Harris, 181 N.J. 391, 421 (2004)). When petitioning for PCR, a defendant must establish he is entitled to "PCR by a preponderance of the evidence." State v. O'Donnell, 435 N.J. Super. 351, 370 (App. Div. 2014) (quoting State v. Preciose, 129 N.J. 451, 459 (1992)).

We analyze ineffective assistance of counsel claims by using the two-prong test established by the Supreme Court in Strickland v. Washington, 466

U.S. 668 (1984). See Preciose, 129 N.J. at 463; see also State v. Fritz, 105 N.J. 42, 58 (1987). The first prong of the Strickland test requires a defendant to establish counsel's performance was deficient. Preciose, 129 N.J. at 463. "The second, and far more difficult, prong . . . is whether there exists 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Id. at 463-64 (quoting Strickland, 466 U.S. at 694).

There exists a strong presumption that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. Strickland, 466 U.S. at 689. Further, because prejudice is not presumed, defendant must demonstrate how specific errors by counsel undermined the reliability of the proceeding. State v. Drisco, 355 N.J. Super. 283, 289-90 (App. Div. 2002) (citing United States v. Cronic, 466 U.S. 648, 659 n.26 (1984)).

Our de novo review of the record shows the following: the plea colloquy was conducted with a Spanish interpreter with Nieves' consent, as he advised the court he was "more comfortable with Spanish"; Nieves' counsel acknowledged the correct sentence of forty-two months on the record; Nieves verbally acknowledged that he signed and initialed the written plea agreement,

3

including the supplemental Graves Act plea form; Nieves verbally acknowledged that he was subject to parole ineligibility if he pled guilty to a Graves Act offense; and that Nieves was aware that if the court sentenced him to _more_ than forty-two months imprisonment with forty-two months parole ineligibility, he could withdraw his plea. We find no credible evidence in the record to suggest that Nieves was uninformed about his agreed upon forty-two month sentence.

We turn to Nieves' next argument, that his counsel failed to consult with him prior to the plea or explain his rights on appeal. The record shows that during the plea colloquy, the court asked Nieves precise questions designed to elicit concerns about any lack of communication or misunderstanding between attorney and client.

> THE COURT: Has your attorney answered all your questions?
>
> MR. NIEVES: Yes.
>
> THE COURT: Are you satisfied with her representation?
>
> MR. NIEVES: Yes.
>
> . . . .

THE COURT: Now, Mr. Nieves, how far did you get in school?

MR. NIEVES: Um, ninth.

THE COURT: Okay. With the assistance of your attorney and the interpreter, did they go over all the questions on the plea agreement with you? It's five ... let me see, six pages.

MR. NIEVES: Yes.

THE COURT: And did they go over all the answers with you?

MR. NIEVES: Yes.

THE COURT: And to the best of your knowledge, were those answers truthful?

MR. NIEVES: Yes.

Further review of the record shows that at sentencing, Nieves declined the court's offer of an interpreter. After sentencing, the court informed Nieves of his appeal rights, and he verbally acknowledged the court.

Our review of Nieves' two-page certification reveals nothing but "bald assertions." "Bald assertions" are insufficient to sustain a defendant's burden of establishing an ineffective assistance of counsel claim. State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). Nieves uses a self-serving and unsupported certification to manufacture a dispute with himself, contradicting

5

sworn statements he made in court during the plea hearing and at sentencing. We discern nothing in the record which requires an evidentiary hearing to resolve, and we find no error. Any arguments not addressed here are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-3807-19